**UNITED STATES of America, Plaintiff,**

v.

**PREVEZON HOLDINGS, LTD., et al., Defendants.**

**No. 13–cv–6326 (WHP)**

United States District Court, S.D. New York.

Signed February 21, 2017

Andrew Caldwell Adams, Christine Ingrid Magdo, Cristine Irvin Phillips, Jaimie Leeser Nawaday, Margaret Graham, Paul Michael Monteleoni, United States Attorney Office, New York, NY, for Plaintiff.

John W. Moscow, Jessie Morgan Gabriel, Loura Laresa Alaverdi, Baker & Hostetler LLP, Seth T. Taube, Baker Botts LLP, Adam Michael Abensohn, Renita Sharma, Quinn Emanuel Urquhart & Sullivan LLP, Faith E. Gay, Kevin Samuel Reed, New York, NY, Mark Alan Cymrot, Paul M. Levine, Vernon Anthony Andrew Cassin, III, Baker & Hostetler LLP, Washington, DC, for Defendants.

## DISCOVERY ORDER NO. 2

WILLIAM H. PAULEY III, United States District Judge.

The Government seeks leave to extend the discovery period in this action to address two discrete issues: (1) review and analysis of additional documents obtained from requests made under Mutual Legal Assistance Treaties ("MLATs"), grand jury subpoenas, and further investigation during the time that this action was stayed by the Court of Appeals; and (2) an updated opinion by the Government's tracing expert. For the following reasons, the Government's requests are largely denied.

## BACKGROUND

On February 17, 2017, the parties in this action appeared for a conference to discuss a number of discovery issues raised by the Government. At that time, this Court reserved judgment on the Government's request to use new documents obtained while the stay was in effect ("Additional Relevant Documents").[1] These documents, obtained through MLATs, grand jury subpoenas, and the public realm, consist of "bank account documents for companies that laundered the funds from the Russian Treasury Fraud," "domestic bank records

---

1. Although the Governments contends that approximately 12,300 pages of the 43,000 newly obtained documents are "most likely to be relevant to the issues to be addressed at trial," (ECF No. 553) that is something Defendants will have to independently assess for themselves. To do that, they will have to review all 43,000 pages.

pertaining to such money laundering transactions," "corporate registry and other·open-source documents," and "additional Russian court files and other documents pertaining to the fraud." (ECF No. 553, at 7.) Although these documents were obtained during the spring and summer of 2016, the Government did not produce them to Defendants until February of 2017.

This Court also reserved judgment on the use of an updated opinion by the Government's tracing expert. According to the Government, the tracing expert "reviewed a number of the Additional Relevant Documents and conducted further analysis of the earlier-produced documents," which allowed him to "expand the scope of his opinions." (ECF No. 553, at 8.)

## DISCUSSION

### I.   Additional Relevant Documents

■ The Government's request to use the Additional Relevant Documents is effectively an application to re-open discovery. But discovery in this action formally closed on October 15, 2015. (See ECF No. 553, at 2.) Re-opening discovery should only be permitted for good cause and with this Court's consent. See Fed R. Civ. P. 16(b)(4). In determining whether good cause exists, courts consider six factors: (1) the imminence of trial; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of·the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the· discovery will lead to relevant evidence. See Krawec v. Kiewit Constructors, Inc., 2013 WL 1104414, at ·*8 (S.D.N.Y. Mar. 1, 2013) (quotations omitted); see also Callari v. Blackman Plumb-

ing Supply, Inc., 2016 WL 1273237, at *3 (E.D.N.Y. Mar. 31, 2016) (collecting cases).

■ Defendants object to any use of the Additional Relevant Documents primarily on grounds that they were obtained outside of the prescribed discovery period and will result in undue delay and burden. In view of the May 15, 2017 trial date, Defendants claim that reviewing 43,000 pages of newly obtained documents is a substantial undertaking that would unfairly prejudice their ability to prepare for trial. (ECF No. 555, at 5.) The Government counters that these documents are necessary because they reveal the "relevant activity in the bank accounts of shell companies that laundered the proceeds of the Russian Treasury Fraud," which is a principal issue in this action. (ECF No. 553, at 7.)

Here, the first two factors of the "good cause" test—the imminence of trial and whether the request is opposed—are undisputed and weigh against re-opening discovery. The third factor—prejudice to the non-moving party—is also clear because granting the Government's request would substantially increase the burden borne by the parties in preparing for trial. Simply reviewing 43,000 pages for relevancy is time intensive, but what further compounds the timing issue is the possibility that Defendants may discover from the Additional Relevant Documents that certain individuals should be deposed or re-deposed, or that certain factual issues warrant further inquiry.

Moreover, from the Government's perspective, the Additional Relevant Documents have clearly expanded the scope of its tracing expert's opinion. Indeed, the Government acknowledges that their expert has been analyzing these documents since the summer of 2016. While the Government characterizes its expert's latest report as an "updated opinion," (ECF No.

553, at 8) it is far more transformative than that characterization suggests. Indeed, the number of documents on which the tracing expert bases his opinion has burgeoned from 73 documents relating to 27 entities to 800 documents relating to an additional 102 entities. (ECF No. 555, at 5; Tr. at 18:16–18, 18:24–19:1.) Defendants therefore will need time to review the updated expert report, consult their own expert about making concomitant revisions, re-depose the Government's expert, and then produce their expert to be re-examined by the Government. Each of these additional tasks, when viewed together, would incur considerable time and cost to the parties.

The fourth and fifth factors further weigh against granting the Government's requests. Aside from the Government's contention that this litigation was "chaotic" prior to the stay, (ECF No. 553, at 2) the Government fails to offer any reason why it did not pursue the Additional Relevant Documents before the discovery period expired on October 15, 2015. Moreover, the Government did not initiate any requests for the Additional Relevant Documents prior to the scheduled date for trial in 2016. Therefore, the Government could not have anticipated using the documents at trial. And once the Government received the Additional Relevant Documents in the spring and summer of 2016, it failed to produce them to Defendants in timely fashion.

Under the sixth and final factor, it is clear that the Additional Relevant Documents are relevant for use at trial. But again, the Government was prepared to try this case more than a year ago without the benefit of those documents. And based on the Government's representations at the February 17 hearing, the Additional Relevant Documents do not fundamentally change its theories of liability or materially alter the substance of its allegations. Rather, the Additional Relevant Documents simply amplify the facts in support of pre-existing theories—that is, they are intended to present the "most complete and accurate factual picture in general" (ECF No. 553, at 8)—and expand the claims previously made in the expert's opinion with a higher degree of granularity. (See Hearing Transcript dated February 17, 2017 ("Tr."), at 16:5–13 ("Only in expansion. No transfers and no tracing that [expert] opined on in the original report is withdrawn or removed ... it is not a moving target so much as a growing target, but it certainly has grown.").) They are not, as the Government represented, the "sine qua non of the case where their exclusion would render [the Government] unable to prove an essential element," (Tr. at 15:2–3) nor do they illuminate materially new information that a jury must know to make an accurate, factual determination.

But not all of the Relevant Additional Documents pertain to the tracing expert report and necessitate additional time, burden, and expense. The Government represented that a slice of these documents—approximately 1,300 pages—consist of "sundry things that are not tracing related" and do "not overlap with the expert report question," or are "almost entirely duplicative of documents that were previously produced, but with higher image quality." (See Tr. 19:3–23.) Review of such documents will not impair Defendants' ability to prepare for trial, and likely would benefit all parties, including the jury, by providing a clearer presentation of the salient facts.

While the Additional Relevant Documents would be useful at trial, the weight of the other five factors militate against allowing the use of these documents. Therefore, with the exception of the relatively small subset of documents "that are

not tracing related" or are of "higher image quality" than previously produced documents, the Government's request regarding the Additional Relevant Documents is denied.

## II. Updated Expert Opinion

■ This Court's denial of the use of Additional Relevant Documents forecloses the Government's request to update its tracing expert's opinion, largely because any update is dependent on resort to the Additional Relevant Documents. Without such documents, the updated expert report would lack a proper foundation. See Fed. R. Evid. 702; see also Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002) (stating that district courts must determine "whether the proffered [expert] testimony has a sufficiently reliable foundation to permit it to be considered") (internal quotations omitted). Further, "experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." Sandata Techs. Inc. v. Infocrossing, Inc., 2007 WL 4157163, at *6–7 (S.D.N.Y. Nov. 16, 2007). The Court therefore denies the Government's request to update and expand its tracing expert's opinion.

## CONCLUSION

For the foregoing reasons, except for the narrow exception described in this Order, this Court denies the Government's requests to use the Additional Relevant Documents, and to update its tracing expert's opinion.

SO ORDERED: